IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

v.                Civil No. 05-6033
Criminal No.02-60021

HENRY TONJE SMITH                        DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the motion of the defendant/movant, Henry Tonje Smith (hereinafter "Smith"), to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. # 49), and his motion to amend his § 2255 motion.

**Factual and Procedural Background:**

Smith is an inmate in the United States Penitentiary, Pollock, Louisiana. On September 25, 2002, the grand jury for this district returned a two-count indictment charging Smith with (1) bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) and (d); and, (2) robbery of less than $1,000.00 from a bank insured by the FDIC in violation of 18 U.S.C. § 2113(b). (Doc. #12) The Federal Public Defender was appointed to represent Smith and Smith entered a plea of not guilty to both counts of the indictment. (Doc #14)

On December 2, 2002, pursuant to a written plea agreement (Doc. #43), Smith was named as the defendant in a one-count superceding information charging him with bank robbery by intimidation in violation of 18 U.S.C. § 2113(a). (Doc. #41) On that same date, Smith appeared with Assistant Federal Public Defender Lisa Peters, was arraigned, waived indictment and entered a plea of guilty to the charge contained in the information. (Doc. #42)

On March 3, 2003, Smith was sentenced to 100 months imprisonment, three years supervised

release, a $3,000.00 fine, a total of $1,380.00 in restitution, and a $100.00 special assessment. (Doc. #45) Smith did not pursue an appeal of the conviction or sentence.

Prior to the filing of the pending § 2255 motion, Smith filed no other applications or motions in this court, with respect to his conviction and sentence.

On May 5, 2005, the instant § 2255 motion was filed. (Doc. #49) This motion was duly served upon the United States and a response to the motion was filed on July 8, 2005. (Doc. # 52)

On September 9, 2005, this court entered an order directing Smith to complete and return a questionnaire/addendum to petition with respect to the failure of Smith to file his § 2255 motion within the period of limitations prescribed by § 2255. (Doc. #53) On September 26, 2005, Smith filed the completed questionnaire/addendum to motion. (Doc. #54) On October 6, 2005, Smith filed a motion to amend his § 2255 motion. (Doc. #55)

From the original § 2255 motion and the pending motion to amend, it is clear that Smith seeks correction of his sentence. He asserts that his attorney advised him that the sentencing range would be 63 to 78 months. Smith asserts that he was unaware at the time of the plea that the presentence report would recommend a sentence enhancement based upon Smith's possession of a dangerous device. According to Smith, this enhancement yielded the sentence of 100 months rather than a maximum of 78 months as discussed with his attorney. Smith alleges that he received the ineffective assistance of counsel and that he would not have pled guilty had he known that he could receive the eventual sentence of 100 months imprisonment.

Further, Smith alleges that his sentence was unconstitutionally imposed under the authority of *United States v. Blakely*, 542U.S.296 004) and *United States v. Apprendi*, 530 U.S. 466 (2000). (Doc. #49)

AO72A
(Rev. 8/82)

**Discussion:**

In response to the pending motion, the United States asserts that Smith's claims are barred by limitations. (Doc. #52) We agree.

As noted above, Smith was sentenced on March 3, 2003. The judgment and commitment was entered on March 5, 2003. (Doc. #47) Smith did not pursue a direct appeal, nor did he file any other post-convictions motions or petitions prior to the filing of the instant motion to vacate, set-aside or correct sentence.

28 U.S.C. § 2255 provides for a one year limitation period with respect to the filing of motions under that section:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Since the judgment and commitment in this case was entered on March 5, 2003. (Doc. #47), the judgment became final for the purpose of calculating the one-year period for the filing of a §

AO72A
(Rev. 8/82)

2255 motion, ten days after the judgment was filed, or March 15, 2000. *See United States v. Brower*, 182 F.3d 733, 734 (10th Cir. 1999); *Fed. R. App. P. 4(b)(1)(A)(i)*.

Smith has not asserted that any impediment, created by government action, existed to the filing of his § 2255 motion, that he is asserting any right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence.

Accordingly, Since Smith's motion was not filed until May 5, 2005, over one-year after his conviction became final, it must be dismissed as barred by limitations, unless the limitations period is considered tolled.

The United States Court of Appeals for the Eighth Circuit has recently concluded that equitable tolling can apply to a § 2255 motion. *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005)("[t]he statute of limitations contained in § 2255 is subject to equitable tolling") However, although equitable tolling can apply, it is not applicable in this case.

Equitable tolling is appropriate when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999). "Equitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter." *United States v. Martin*, 408 F.3d at 1095.

In his questionnaire/addendum to petition, Smith explains that his attorney never advised him that he had the right to withdraw his plea or to appeal his sentence. He further asserts that his attorney was "incompetent." (Doc. #54) Further, in his § 2255 motion, Smith alleges that the "Statute of limitations does not apply to Plaintiff." (Doc. #49)

It is well established that ignorance of the existence of the one-year limitations period will

-4-

not toll its running. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir.2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Smith attempts to blame his predicament upon his attorney, an Assistant Federal Public Defender, who represented him through sentencing, and who allegedly failed to advise him of the time limit for a post-sentence attack upon his sentence via a § 2255 proceeding. Smith does not allege, and nothing appears in the record to indicate, that the Federal Public Defender represented Smith after his case was concluded by the entry of his guilty plea and his sentencing, or that she made any representations to Smith with respect to the requirements of a § 2255 proceeding. This is not a case, such as that in *United States v. Martin*, where equitable tolling was found in view of the facts including: the movant's appellate counsel agreed to filed § 2255 motion in behalf of the movant following the conclusion of the direct appeal; and, the attorney falsely represented that the motion had been filed and assured that relief could be expected. *United States v. Martin*, 408 F.3d at 1090-92; *see also Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002)(ineffective assistance of counsel due to an attorney's negligence or mistake has not generally been considered an extraordinary circumstance such as would support equitable tolling).

Further, since there is no constitutional right to "constitutionally effective counsel" in a § 2255 proceeding, the fact that Smith has not been represented by post-conviction counsel would not toll the running of the one-year time limit established under § 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 963-64 (8th Cir. 2004); *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999)(no right to counsel in §2255 proceeding).

Finally, in his motion, Smith mentions *Blakely* and *Apprendi*. (Doc. #49) In *Apprendi v.*

AO72A
(Rev. 8/82)

*New Jersey*, 530 U.S. 466 (2000) the United States Supreme Court determined that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* 530 U.S. at 490. In *Blakely*, the Supreme Court determined that where the sentencing range is increased predicated on facts neither admitted by the defendant nor proven to a jury, the Sixth Amendment is violated. *Blakely v. Washington*, 542 U.S. 296 (2004).

Both *Apprendi* and *Blakely* concerned state sentencing and sentencing guidelines. In *United States v. Booker*, 125 S.Ct. 738, 769 (2005), the reasoning of *Blakely* was extended to the federal sentencing guideline system. However, even if Smith is asserting a claim premised upon the holdings of *Booker*, *Apprendi* or *Blakely*, such a claim must be rejected, as these cases do not apply retroactively on collateral review of a conviction or sentence. *Lenford Never Misses a Shot v. United States*, 413 F.3d 781,783-84 (2 005)(*Booker*); *United States v. Moss*, 252 F.3d 993, 997 (8th Cir. 2001)(*Apprendi*); *United States v. Stolz*, 2005 WL 2484417 (8th Cir. 2005)(*Blakely*).

*Rule 8(a)* of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that:

> If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

For the reasons set forth above, it is determined that no evidentiary hearing is required and that the pending *§ 2255* motion should be dismissed as untimely filed.

**Conclusion:**

AO72A
(Rev. 8/82)

Accordingly, it is found that Smith' pending *§ 2255* motion is barred by the one-year limitations provision of the statute and it is recommended that the motion should be dismissed.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 3rd day of November 2005.

                                          */s/ Bobby E. Shepherd*
                                          HON. BOBBY E. SHEPHERD
                                          UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)